## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ERIC RODRIGUEZ NERI,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| **v.** | ] **Case No.: 2:26-cv-938-ACA-SGC** |
| | ] |
| **WARDEN, et al.,** | ] |
| | ] |
| **Respondents.** | ] |

### MEMORANDUM OPINION AND ORDER

In June 2026, Petitioner Eric Rodriguez Neri filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing. (Doc. 1). His petition asserts four causes of action: (1) violation of 8 U.S.C. § 1226 ("Count One"), (2) violation of his Fifth Amendment Substantive Due Process rights ("Count Two"), (3) violation of his Fifth Amendment Procedural Due Process rights ("Count Three"), and (4) violation of a class-wide injunction under *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Count Four").

For the reasons below, the court **WILL GRANT IN PART** Mr. Neri's petition and **RESERVES RULING IN PART**. The court **WILL GRANT** and **WILL ENTER JUDGMENT** in Mr. Neri's favor with respect to Count One. The court

**ORDERS** the respondents to (1) provide Mr. Neri an individualized bond hearing **on or before June 22, 2026** or (2) release him from custody.

Mr. Neri's counsel must receive at least forty-eight hours' notice of the hearing, but only if he enters his appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The respondents must file a certificate of compliance with the court's order **on or before June 23, 2026**. The court **RESERVES RULING** on the remaining claims in Mr. Neri's petition.

Because the respondents' response to the court's order to show cause addresses only Mr. Neri's § 1226 claim and his request for bond, the court **ORDERS** the government to file an amended response addressing the remaining claims and requested relief in Mr. Neri's petition. The government must file its response **on or before June 23, 2026**.

## I.     BACKGROUND

Mr. Neri is a native and citizen of Mexico. (Doc. 1 ¶ 15; doc. 6-1 ¶ 4.) In 2015, he entered the United States in California and applied for admission. (Doc. 1 ¶ 15; doc. 6-1 ¶ 4).  United States Border Patrol officials issued him a notice to appear and released him into the country on parole. (Doc. 1 ¶ 15; doc. 6-1 ¶ 4).  Since then, Mr. Neri has remained in the United States. (Doc. 1 ¶ 15). His parole expired in 2016. (Doc. 1-2 at 9, 18). In May 2026, after a traffic stop in Brookside, Alabama,

ICE officials detained Mr. Neri and are holding him without bond. (*Id.* ¶¶ 17, 19; doc. 6-1 ¶¶ 7–8).

## II.   DISCUSSION

Mr. Neri argues that the respondents are improperly holding him under 8 U.S.C § 1225 and withholding a bond hearing. Relying on the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), Mr. Neri contends he falls under § 1226, which entitles him to a bond hearing, because he was in the United States when ICE detained him. (Doc. 1 at 8–13 ¶¶ 21–33, 18).

In *Hernandez Alvarez*, the Eleventh Circuit considered whether § 1225(b)(2) or § 1226(a) applied to aliens in the United States when detained by ICE. 175 F.4th at 1262. The government argued that "aliens present in the United States without having been lawfully admitted — are 'applicants for admission,' and so they must be detained without the possibility of bond unless they can establish clearly and beyond a doubt that they are entitled to be admitted." *Id.* Rejecting this argument, the Eleventh Circuit concluded that "§ 1225 seems to us to have been designed by Congress to govern arriving aliens," and § 1226 "supplies a different rule of detention that applies to aliens DHS seeks to remove from the interior." *Id.* at 1278.

The respondents argue that *Hernandez Alvarez* is distinguishable and 8 U.S.C. § 1225 applies to Mr. Neri because border officials encountered Mr. Neri in 2015,

released him on parole into the United States, and then "re-detained him in the interior." (Doc. 6 at 3–8). According to the respondents, *Hernandez Alvarez* addressed only petitioners who were discovered for the first time in the United States—not individuals who were apprehended at the border, released, and then "re-detained" several months (or years) later. (*Id.* at 5–6).

The respondents' argument is not persuasive. Although the petitioners in *Hernandez Alvarez* were encountered for the first time inside the United States, the court finds that the Eleventh Circuit's reasoning applies to individuals encountered at the border, released, and then detained again several years later. The Court explained that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276. Thus, the Court focused on the alien's present location at the time of detention. *See id.* at 1285 ("[I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years."). Here, it is undisputed that Mr. Neri's parole expired in 2016 and that he was "in the interior" when ICE officials detained him after a traffic stop. (Doc. 1 ¶ 17; doc. 1-2 at 9, 18; doc. 6 at 6; doc. 6-1 ¶ 7). So he was "unlawfully in the interior," and § 1226 applies. *See Hernandez Alvarez*, 175 F.4th at 1276. Thus, Mr. Neri is entitled to a bond hearing.

4

Mr. Neri's petition seeks immediate release or a bond hearing. The court finds a bond hearing to be the appropriate remedy. Accordingly, the court **ORDERS** the respondents to provide Mr. Neri an individualized bond hearing **on or before June 22, 2026** or release him from custody. Mr. Neri's counsel must receive at least forty-eight hours' notice of the hearing, but only if he enters his appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.  **On or before June 23, 2026**, the respondents must file a notice of compliance with the court's order.

Additionally, the court finds the respondents did not fully respond to Mr. Neri's petition. The respondents' filing addresses only Count One. (*See* doc. 6). The court therefore **ORDERS** the respondents to file an amended response addressing the remaining claims and requested relief in Mr. Neri's petition. The respondents must file the amended response **on or before June 23, 2026**.

## III.   CONCLUSION

For the reasons above, the court **WILL GRANT IN PART** Mr. Neri's petition and **RESERVES RULING IN PART**. The court **GRANTS** his petition with respect to Count One and **ORDERS** the respondents to (1) provide Mr. Neri a bond hearing **on or before June 22, 2026** or (2) release him from custody.

Mr. Neri's counsel must receive at least forty-eight hours' notice of the hearing, but only if he enters his appearance in the Executive Office of Immigration

Review's online filing system in time to receive the notice. The respondents must file a certificate of compliance with the court's order **on or before June 23, 2026**. The court **RESERVES RULING** on the remaining claims in Mr. Neri's petition.

Because the respondents' response to the court's order to show cause addressed only Mr. Neri's § 1226 claim and his request for bond, the court **ORDERS** the government to file an amended response addressing the remaining claims and requested relief in Mr. Neri's petition. The government must file its response **on or before June 23, 2026**.

**DONE** and **ORDERED** this June 12, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

6