FILED

2026 Jul-10  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ERIC RODRIGUEZ NERI,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| **v.** | ] **Case No.: 2:26-cv-938-ACA-SGC** |
| | ] |
| **WARDEN, et al.,** | ] |
| | ] |
| **Respondents.** | ] |

**<u>MEMORANDUM OPINION AND ORDER</u>**

In June 2026, Petitioner Eric Rodriguez Neri filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing. (Doc. 1). His petition asserts four causes of action: (1) violation of 8 U.S.C. § 1226 ("Count One"), (2) violation of his Fifth Amendment substantive due process rights ("Count Two"), (3) violation of his Fifth Amendment procedural due process rights ("Count Three"), and (4) violation of the class-wide judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Count Four"). (Doc. 1 ¶¶ 21–51).

The court previously granted Mr. Neri's petition with respect to Count One. (Docs. 7, 8). Accordingly, this memorandum opinion addresses only the remaining

three claims. The court **WILL GRANT IN PART**, **DENY IN PART**, and **DENY AS MOOT IN PART** the remaining claims in Mr. Neri's § 2241 petition.

## I.    BACKGROUND

Mr. Neri is a native and citizen of Mexico. (Doc. 1 ¶ 15; doc. 6-1 ¶ 4.) In 2015, he entered the United States in California and applied for admission. (Doc. 1 ¶ 15; doc. 6-1 ¶ 4). United States Border Patrol officials issued a notice to appear and released Mr. Neri into the country on parole. (Doc. 1 ¶ 15; doc. 6-1 ¶ 4). Since then, Mr. Neri has remained in the United States. (Doc. 1 ¶ 15). His parole expired in 2016. (Doc. 1-2 at 18). In May 2026, after a traffic stop in Brookside, Alabama, ICE officials detained Mr. Neri. (Doc. 1 ¶ 17; doc. 6-1 ¶ 7).

## II.    DISCUSSION

### 1. Proper Respondent

Mr. Neri filed his § 2241 petition against the warden of the Pickens County Jail and Charles Anderson, an ICE field director. (Doc. 1). Before considering the merits of Mr. Neri's petition, the court must dismiss all claims against the warden of the Pickens County Jail.

A district court may grant relief against a properly named respondent in a § 2241 petition. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 495 (1973). And the proper respondent in a § 2241 action is the custodian with control over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). After Mr. Neri filed this

2

petition, ICE moved him from the Pickens County Detention Center (doc. 6-1 ¶ 7), so the warden is not a proper respondent. The court **DISMISSES** all claims against him.

### 2. Count Two

Mr. Neri alleges that his detention violates his fundamental right to be free from confinement. (Doc. 1 ¶¶ 35–38). Mr. Anderson disputes whether Mr. Neri's challenge implicates a fundamental right. (*Compare* doc. 9 at 3, *with* doc. 1 ¶ 36). Both parties skip the first step of the analysis: determining whether the challenged conduct is executive or legislative. *Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1239 (11th Cir. 2025). Here, Mr. Neri challenges executive action. (Doc. 1 ¶¶ 17–19, 34–38); *see Littlejohn*, 132 F.4th at 1242–43 & n.8. And "[e]xecutive action violates a plaintiff's substantive due-process rights—even if the right involved is a fundamental one—if the action shocks the conscience." *Littlejohn*, 132 F.4th at 1239 (quotation marks omitted). So "only the most egregious official conduct" violates substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Section 1226, which Mr. Neri contends applies to him (doc. 1 ¶ 26), permits the Executive Branch to detain an alien "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a). And "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*

3

*v. Kim*, 538 U.S. 510, 531 (2003). Although in a different context, the Supreme Court has approved longer detentions. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention of an alien who had been ordered removed was presumptively constitutional). Mr. Neri has been detained since May 30, 2026. (Doc. 1 ¶ 17). He received an individualized bond hearing on June 17, 2026. (Doc. 9-1). The court cannot conclude that the re-detention of an alien who is unlawfully in the country for roughly two weeks with no bond hearing "shocks the conscience." So the court **WILL DENY** the petition with respect to Count Two.

   3.  Count Three

Count Three alleges that his detention violated Mr. Neri's procedural due process rights. (Doc. 1 ¶¶ 39–45). Mr. Anderson argues that Mr. Neri is entitled to only the process afforded by statute, which is a bond hearing. (Doc. 9 at 6–10). And because Mr. Neri has received a bond hearing, he is not entitled to immediate release. (*Id.* at 9–10). The court agrees.

For an alien's entitlement to due process, the Supreme Court has distinguished between those physically present in the United States and those "on the threshold of initial entry." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *Zadvydas*, 533 U.S. at 693 ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the

4

United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). "[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quotation marks omitted); *see also Leng May Ma v. Barber*, 357 U.S. 185, 188–90 (1958). And aliens who have not yet "entered" the United States have "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *see also Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) (recognizing the border-interior distinction for due process claims).

Mr. Neri arrived at a port of entry and was paroled into the United States. (Doc. 1 ¶ 15; doc. 1-2 at 18; doc. 6-1 at 5, 8–10). Accordingly, Mr. Neri is entitled only to the process afforded to him by Congress. *See Thuraissigiam*, 591 U.S. at 140. As the court previously held, § 1226 entitled Mr. Neri to a bond hearing. (Doc. 7 at 3–4). Mr. Anderson initially failed to provide Mr. Neri with a bond hearing, violating § 1226 and Mr. Neri's procedural due process rights. So the court granted Mr. Neri's petition with respect to his statutory claim. (Doc. 8). After the court's order, Mr. Neri received an individualized bond hearing. (*See* doc. 9-1). Because he has already had a bond hearing, his request in Count Three for a bond hearing is moot.

Mr. Neri's petition seeks immediate release in addition to a bond hearing. (Doc. 1 at 18). But Congress has not provided for a right to release in these circumstances. *See* 8 U.S.C. § 1226. All Congress provided for is a bond hearing. *Id.* § 1226(a). Accordingly, Mr. Neri has received the level of process mandated by Congress. *See Thuraissigiam*, 591 U.S. at 140.

Lastly, Mr. Neri seeks a declaratory judgment. (Doc. 1 at 18). This form of relief is not moot. And, as outlined above and in the court's previous opinion, Mr. Anderson failed to give Mr. Neri the process Congress afforded him. *See Thuraissigiam*, 591 U.S. at 140; (doc. 7 at 3–4).

So the court **WILL GRANT IN PART**, **DENY IN PART**, and **DENY AS MOOT IN PART** Count Three with respect to the various forms of relief that it seeks. The court **WILL GRANT** the petition with respect to the request that the court "[d]eclare that the Respondents' detention" without an individualized bond hearing under § 1226 violated Mr. Neri's due process rights afforded by Congress. The court **WILL DENY** the claim to the extent it seeks immediate release. And the court **WILL DENY AS MOOT** the claim to the extent it seeks a bond hearing because the court has already ordered—and Mr. Neri has already received—one.

4. Count Four

Count Four alleges that the respondents violated a binding, class-wide judgment issued by the Central District of California in *Bautista v. Santacruz*, 813

6

F. Supp. 3d 1084 (C.D. Cal. 2025). (Doc. 1 ¶¶ 46–51). But even assuming that *Bautista* is binding on this court, Mr. Neri does not fall within its protections. The *Bautista* court issued class-wide relief to individuals who, among other requirements, were not apprehended upon arrival. *Bautista*, 813 F. Supp. 3d at 1127. Mr. Neri was apprehended when he entered the United States and released on parole. (Doc. 1 ¶ 15; doc. 6-1 at 5, 8–10). Accordingly, the court **WILL DENY** Count Four.

## III.   CONCLUSION

For the reasons above, the court **WILL GRANT IN PART, DENY IN PART**, and **DENY AS MOOT IN PART** Mr. Neri's § 2241 petition.

**DONE** and **ORDERED** this July 10, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE